Filed 5/27/21  P. v. Love CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>DAEVON JAMELL LOVE,<br><br>      Defendant and Appellant. | C092437<br><br>(Super. Ct. Nos. 15F06950 &<br>14F06720) |

Defendant Daevon Jamell Love was convicted of multiple assault counts against four different victims as well as shooting at an occupied vehicle and being a felon in possession of a firearm.  Various firearm enhancements were found true as was an enhancement for a prior serious felony conviction.  We affirmed defendant's convictions on appeal (*People v. Love* (Apr. 25, 2019, C084190) [nonpub. opn.] (*Love*)), but remanded the matter for the trial court to exercise newly granted discretion to strike one or more of the firearm enhancements and the prior serious felony enhancement based on changes in the law that took effect while defendant's appeal was pending.  Upon remand,

1

the trial court declined to exercise its discretion to strike the enhancements, leaving defendant's 30-year 4-month prison sentence unchanged.

Defendant appealed and appointed counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) We conclude defendant is not entitled to a *Wende* review and will dismiss the appeal as abandoned.

### FACTUAL AND PROCEDURAL BACKGROUND

As set forth in our prior opinion (*Love, supra*, C084190), in July 2014, J.L. complained to management at his apartment complex that defendant was smoking marijuana in the common area. A few weeks later, defendant and his friends attacked J.L., hitting and kicking him as he went to retrieve something from his car. In September 2014, J.L. saw defendant sitting in a car with a gun.

In November 2015, T.R. and his wife, J.F., were pulling out of a parking spot after shopping at a market when T.R. honked to alert a car that was backing up at the same time. As T.R. drove away, the same car almost hit him, so he honked again. Someone in the car fired two shots at T.R.'s car, striking a passing pedestrian, P.G. A short time later, defendant was apprehended nearby standing near a car matching the description of the car involved in the shooting. He tested positive for gunshot residue and had the keys to the suspect vehicle in his pocket where officers located a live bullet behind the driver's seat; officers also located a loaded nine-millimeter semiautomatic pistol behind the left front tire of a nearby SUV. T.R. and J.F. subsequently identified defendant as the shooter.

The matters were consolidated and defendant was charged with assault on J.L. likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1)),[1] two counts of being a

---

[1] Undesignated statutory references are to the Penal Code.

felon in possession of a firearm (§ 29800, subd. (a)(1)), shooting at an occupied vehicle (§ 246), and three counts of assault with a semiautomatic firearm on T.R., J.F., and P.G. (§ 245, subd. (b)). It was alleged defendant had a prior serious felony conviction (§ 667), had personally used a firearm as to three counts (§ 12022.5, subds. (a) & (d)), and was on bail when he committed several of the offenses (§ 12022.1).

Defendant was found guilty of all of the assault charges, shooting at an occupied vehicle, and one count of being a felon in possession of a firearm. For three counts, the jury found defendant had used a firearm (§ 12022.5, subds. (a) & (d)). In a subsequent proceeding, the trial court found true that defendant had incurred a prior serious felony conviction.

The court sentenced defendant to 30 years 4 months in state prison, which included five years four months for firearm enhancements and five years for the prior serious felony enhancement. He appealed, and we modified the judgment to award additional custody credits and otherwise affirmed, but remanded to allow the trial court to exercise newly granted discretion to strike the firearm enhancements and the prior serious felony conviction.

Following the remittitur, defendant filed a memorandum in support of striking the enhancements and submitted various letters of support from his family members, as well as a letter from himself seeking leniency from the court. The People opposed defendant's request to strike the firearm and prior serious felony enhancements.

The court heard the matter in January 2020. After considering the parties' briefs as well as the letters submitted on defendant's behalf, the trial court declined to strike any of the enhancements and left defendant's sentence unchanged. He was remanded back to the Department of Corrections and Rehabilitation to serve the remainder of his sentence. Defendant timely appealed.

3

**DISCUSSION**

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date the opening brief was filed but has not done so.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).) And the due process right to *Anders/Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel. (*Serrano*, at p. 500; *Ben C.*, at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) Although a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal when appointed counsel finds no arguable issues on appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano* here, we conclude that defendant has no right to *Wende* review of the trial court's decision not to exercise its discretion to strike the firearm and prior serious felony enhancements. Further, given defendant's failure to file a supplemental brief despite being advised of his

4

right to do so, we will dismiss defendant's appeal as abandoned. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040 [because postjudgment order appealed from is presumed to be correct, where defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned], review granted Oct. 14, 2020, S264278.)

## DISPOSITION

The appeal is dismissed.


/s/
HOCH, J.



We concur:




/s/
ROBIE, Acting P. J.




/s/
RENNER, J.




5